**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=======================================
SIMCHA Y. COHEN individually and
on behalf of all others similarly situated


                    Plaintiff,


            -against-


MERCANTILE ADJUSTMENT BUREAU, LLC
& MAIN STREET ACQUISITION CORP.


                    Defendants.


=======================================

**CLASS ACTION COMPLAINT**

*I.    Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1.      Plaintiff Simcha Y. Cohen brings this action to secure redress from unlawful collection practices engaged in by Defendants Mercantile Adjustment Bureau, LLC and Main Street Acquisition Corp.

2.      Plaintiff alleges and avers violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or

misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.    Parties

4.     Plaintiff is a citizen of the State of New York who resides within this District.

5.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

6.     Upon information and belief, Defendant Mercantile Adjustment Bureau, LLC's principal place of business is located in Williamsville, New York.

7.     Upon information and belief, Defendant Main Street Acquisition Corp.'s principal place of business is located in Las Vegas, Nevada.

8.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.     Defendants are bad debt buyers that specialize in buying large portfolios of delinquent consumer debts for pennies on the dollar, which they then collect upon through other collection agencies, as in this case, Mercantile Adjustment Bureau, LLC on behalf of Main Street Acquisition Corp.

10.     Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.    Jurisdiction and Venue

11.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### IV.     Allegations

13.     Defendant Main Street Acquisition C hired Defendant Mercantile Adjustment Bureau to collect the debt on its behalf.

14.     Defendant Main Street Acquisition C uses the instrumentality of interstate commerce as well as the mails in its business which the principal purpose of which is the collection of debts.

15.     Defendant Main Street Acquisition C regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16.     The principal purpose of Defendant Main Street Acquisition C's business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

17.     Defendant Main Street Acquisition C purchased the Plaintiff's defaulted debt from HSBC Bank Nevada NA, placed it with Defendant Mercantile Adjustment Bureau, and sought to collect on it.

18.     Defendant Main Street Acquisition C uses the mail in purchasing defaulted consumer debts, usually at a significant discount to their face value, and then seeks to collect on such debts.

19.     Defendant Main Street Acquisition C directed, controlled and instructed Defendant Mercantile Adjustment Bureau to use these specific letters and phone messages when communicating with the Plaintiff.[1]

20.     Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

21.     On or about September 15, 2017, Mercantile Adjustment Bureau, LLC sent a collection letter to the Plaintiff Simcha Y. Cohen. (see attached exhibit)

22.     Upon information and belief, the said September 15, 2017 letter was the Defendant's initial communication with the Plaintiff.

23.     The letter fails to adequately convey the "amount of the debt".

24.     The letter stated in part: "The account may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor or as otherwise provided by law."

25.     This language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

26.     The language stated above violates these provisions because it fails to inform Plaintiff whether the amount listed is the actual amount of the debt due, what other interest or charges might apply.

---

[1] *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *19 (7th Cir. Apr. 7, 2016) ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.")

27.    The letter does not provide any explanation or information about the claimed accruing interest and charges.

28.    In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate the amount due on the date, he or she receives the letter.

29.    In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate what he or she will need to pay to resolve the debt at any given moment in the future.

30.    The failure to provide this information or tools to ascertain "the amount of the debt" on the date of receipt of the letter or at any give other time in the future does not comply with 1692g as it fails to meaningfully provide "the amount of the debt".

31.    It is not enough that the collector provide "the amount of the debt" on the date of the letter. The consumer must be able to know the interest rate and be able to discern the amount of the debt at any given time in the future. See *Taylor v. Fin. Recovery Servs., Inc.*, No. 17-1650-cv, 2018 BL 109391 (2d Cir. Mar. 29, 2018) ("In Carlin, we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.")

32.     In *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit clarified its holding in *Avila* by explaining that a collection letter "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase."

33.     This language in the collection letter did not adequately state the amount of the debt, as required under the FDCPA. In particular, the collection letter failed to specify or explain what the interest rate was or what type of charges could cause the balance to increase, nor did they inform the debtor what he or she would need to pay to resolve the debt at any given moment in the future. The letter precluded a determination of what "the amount if the debt" was on the date of receipt of the letter.

34.     The least sophisticated consumer would not understand how the fees would be calculated; what the current interest rate was and whether they could be disputed; or what provision of the underlying credit agreement gave rise to them.

35.     The Defendants did not refer the Plaintiff to the underlying credit card agreement with the original lender. As was true in <u>*Carlin*</u>, the least sophisticated consumer would not understand from this reference what provision of that agreement, if any, gives rise to the potential "accrued interest" described in the said collection letter.

36.     The Defendant's collection letter violates sections 1692g(a)(1) and 1692e of the FDCPA, since the collection letter failed to adequately convey the "amount of the debt".

37.    A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

38.    A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

39.    The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

40.    The letter fails to inform Plaintiff whether the amount listed already includes "accrued interest."

41.    The letter fails to advise Plaintiff what portion of the amount listed is principal.

42.    The letter fails to inform Plaintiff whether the amount listed will increase.

43.    The letter fails to inform the consumer as to what he or she may need to pay to resolve the debt at any moment after the date of the letter, or provide an explanation of any fees and interest that will cause the balance to increase.

44.    The letter fails to inform Plaintiff if there is accruing interest, what the amount of the accruing interest will be.

45.    The letter fails to inform Plaintiff if there is accruing interest, when such interest will be applied.

46.    The letter fails to inform the Plaintiff if there is accruing interest, and what the interest rate is.

47.    The letter fails to inform Plaintiff if there is accruing interest, the amount of money the amount listed will increase per day, per week, per month or per any

measurable period for that matter.

48.    The letter fails to indicate the minimum amount the Plaintiff owed at the time of the letter.

49.    The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

50.    The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

51.    The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

52.    The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of this letter, at any time after receipt of the letter.

53.    The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

54.    If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

55.    If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

56.    If interest is continuing to accrue, the least sophisticated consumer would

not know the amount of the debt because the letter fails to indicate when such interest will be applied.

57.    If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.[2]

58.    The letter fails to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendants receive payment.

59.    The letter fails to advise Plaintiff that if Plaintiff pays the amount listed, Defendants will inform Plaintiff of the balance difference before depositing payment.

60.    The Defendants' failures are purposeful.

61.    In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendants do not inform the consumer whether the amount listed will increase.

62.    Defendants failed to clearly and unambiguously state the amount of the

---

[2] *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017); *Balke v. All. One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time."); *Polak v. Kirschenbaum & Phillips, P.C.*, No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018) ("Defendant adds that the Creditor "is electing not to collect interest at this time." However, this does not change the reality that interest is accruing even during the collection process, and that at some future date, according to Defendant, either the Creditor or its assignee could choose to collect all accrued interest. In the context of the statement that no interest has accrued since charge-off, the statement that the "amount may vary from day to day due to interest and other charges" could mislead the least sophisticated consumer to believe that interest has stopped accruing. Defendant is not helped by its contention that this statement is true in that the characterization of "may" accurately conveys the two different scenarios: that interest is accruing and could be collected in the future, and that the Creditor is choosing not to collect interest at this time.")

debt, in violation of 15 U.S.C. § 1692g(a)(1).

63.    The Defendants' letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

64.    The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).[3]

65.    The Defendants' conduct constitutes a false, deceptive, and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

66.    The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

67.    Defendants' conduct violates 15 U.S.C. §§ 1692g(a)(1) and 1692e.

68.    In the alternative, the Defendants failed in the said letter, to properly disclose the amount of the debt as they stated that the current balance may increase, causing the Plaintiff to be uncertain of his rights and leaving his utterly confused as to the total amount he owes now and or in the future.

69.    The Defendants violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

70.    In the alternative, the said language in the above letter deceptively threatens to add "accrued interest" of which the Defendants do not engage.

71.    The Defendants may not legally or contractually impose interest or any

---

[3] *Polak v. Kirschenbaum & Phillips, P.C.*, No. 17-CV-1795 (MKB)(PK), 2018 BL 57467 (E.D.N.Y. Feb. 16, 2018) ("Pursuant to the holding in Carlin, this [alleged letter's language] is not enough to satisfy Section 1692g's requirement that the written notice contain the amount of the debt.")

other charges on the alleged debt.

72.    Furthermore, Defendants were deceptive by stating that they might increase the amount owed, when Defendants had no legal or contractual right to take such actions.

73.    15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

(A)the character, amount, or legal status of any debt; or

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

74.    The Defendants violated the above sections by falsely representing that "accrued interest" may be added to the consumer's stated balance. When in fact, the debt would never vary from the date of issuance due to "accrued interest".   Avila v. Riexinger & Assocs., LLC, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *8 (2d Cir. Mar. 22, 2016) ("The district court also expressed a concern that requiring debt collectors to disclose this information might lead to more abusive practices, as debt collectors could use the threat of interest and fees to coerce consumers into paying their debts. This is a legitimate concern. To alleviate it, we adopt the "safe harbor" approach adopted by the Seventh Circuit in *Miller v. McCalla,*

*Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000)...The court [in Miller] held that a debt collector who used this form would not violate the [FDCPA], "**provided, of course, that the information [the debt collector] furnishes is accurate**.") (emphasis added)

75.    In *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018) The Seventh Circuit noted that "even if a debt collector may generally rely on the safe harbor language to avoid liability under § 1692e, *Miller's* accuracy requirement still applies." In this instance, the agency's "use of the safe harbor language was inaccurate because [the agency] could not lawfully impose 'late charges and other charges.'" Thus, the agency was not entitled to safe harbor protection under *Miller*. Accordingly, the Seventh Circuit held that "debt collectors cannot immunize themselves from FDCPA liability by blindly copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances." The Court therefore reversed the decision of the trial court.

76.    If the Defendants in this case was in fact not going to charge "interest" to the Plaintiff's account, then they were not protected by the safe-harbor language. *Ruge v. Delta Outsource Grp., Inc.*, No. 15-cv-10865, 2017 U.S. Dist. LEXIS 35047, 2017 WL 959017, at *3 (N.D. Ill. Mar. 13, 2017) (holding that, although "[the defendant's] letter is nearly identical to the safe harbor language in *Miller*," the defendant was not immune from liability because "[t]he safe harbor language that says the amount of the debt might change because of interest was not true in this particular case") (footnote omitted)

77.    The least sophisticated consumer would be misled by this language

because it suggests that the Defendants could potentially impose additional charges, even though that would never actually occur.[4]

78.     Furthermore, the said language leaves the Plaintiff unsure of the final amount of the debt; i.e. once he has paid the said amount, will this be the final amount or would he be subjected to more fees.

79.     Defendants engages as a matter of pattern and practice in the mailing of such collection letters to consumers in the state of New York.

80.     Defendants' letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692g(a)(1) for misrepresenting the amount of the debt owed, for false threats and for engaging in deceptive and misleading practices and for failing to state the accurate amount of the debt.

81.     There are a total of three addresses in the said collection letter, one at 35A Rust Lane Boerne, TX 78006-8202; one PO Box; and another address at 165 Lawrence Bell Drive, Suite 100 Williamsville, NY 14221-7900.

82.     Within the letter, the Defendants provided the Plaintiff with his validation rights, including his right to dispute the debt, in writing and request the validity of the debt.

83.     Yet the Defendant's letter fails to inform the Plaintiff as to which one he should use for disputes.

---

[4] *Reeseg v. General Revenue Corporation*, Civ. No. 2: 14-CV-08033-WJM-MF (D.N.Y. July 27, 2015) ([Plaintiff] sufficiently pleads that the collection letter is deceptive under § 1692e(10). Moreover, a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). For the reasons stated above, the least sophisticated consumer may also reasonably interpret the collection letter as a threat that [Defendant] may increase the amount owed, notwithstanding the fact that [Defendant] is contractually authorized to collect only the initial balance. . . . Additionally, the Court rejects [Defendant's] argument that the collection letter contains the "safe harbor" language described in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).); see also *Kolganov v. Phillips & Cohen Associates*, 2004 WL 958028 *3 (E.D.N.Y.)

84.     The consumer on the whole does not even know where the said collection letter is coming from.

85.     Said language is deceptive as it leads the least sophisticated consumer to be confused as of his rights to dispute the debt with the debt collector.

86.     The said letter provides the consumer no direction as to how to go about disputing his debt.[5]

87.     This defect renders the validation notice ineffective in violation of Section 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

88.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

89.     Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

90.     The Plaintiff alleges and avers that Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

---

[5] *Carbone v. Caliber Home Loans, Inc.*, 2016 U.S. Dist. LEXIS 138433, *9-11 ("Here, Plaintiff has plausibly alleged that the "above referenced address" is materially misleading. True, the FDCPA does not impose a requirement on the number of addresses listed in a notice of debt. But the issue is that the "above referenced address" in Texas, which is to be used for any written requests, is for return mail only. At the end of the letter, however, the Notice of Debt advises Plaintiff to send any written requests to an Oklahoma address. (See Notice of Debt.) It would appear that written requests are directed to an address that only handles return mail. Accordingly, the hypothetical least sophisticated consumer could be confused by the presence of these two addresses. Defendants rely heavily on *Becker v. Genesis Financial Services*, No. 06-CV-5037, 2007 U.S. Dist. LEXIS 86152, 2007 WL 4190473 (E.D. Wash. Nov. 21, 2007), for the proposition that two addresses are permissible. (Def.'s Br. at 15-16.) But that case supports Plaintiff, not Defendants. There, the notice of debt contained two addresses, one in the upper left corner and the second in the center of the letter. *Becker*, 2007 U.S. Dist. LEXIS 86152, 2007 WL 4190473, at *3. At the summary judgment stage, the Eastern District of Washington rejected the consumer's Section 1692e(10) claim because "she fail[ed] to refute . . . that both addresses accepted debt disputes." 2007 U.S. Dist. LEXIS 86152, [WL] at *7. But critically, the court did recognize that "[t]wo separate addresses on a single letter could confuse the least sophisticated consumer." Id. That finding applies in this case. Granted, Plaintiff has not alleged that he made a request for information but never received a response because he sent his written request to the Texas address. But at the motion to dismiss stage, Plaintiff's allegations that two addresses are materially misleading are sufficient to plausibly state a claim. Thus, Defendants' motion to dismiss is DENIED as to Plaintiff's Section 1692e claim against *Caliber*.")

91.    The Plaintiff alleges and avers that Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

92.    The Plaintiff alleges and avers that Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

93.    The Plaintiff alleges and avers that Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendants' collection efforts.

94.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff allege and aver that Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

95.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

96.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V.    Class Allegations

97.    This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

98.    The identities of all class members are readily ascertainable from the records of the Defendants and those business and governmental entities on whose behalf it attempts to collect debts.

99.    Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Defendants, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

100.   There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

101.   The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

102.   The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

103.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)      **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)      **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)      **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)      **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)      **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

104.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

105.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

106.   Further, Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

107.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI.   Cause of Action

108.   Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

109.   This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendants' records reflect resided in the State of New York:

a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

b) the collection letter was sent to a consumer seeking payment of a personal debt;

c) the collection letter was not returned by the postal service as undelivered;

d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1)of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by the Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

110.   This cause of action is brought on behalf of Plaintiff and the members of an additional class of whom Defendants' records reflect resided in the State of New York:

a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the

within complaint up to and including the date of the filing of this complaint;

b) the collection letter was sent to a consumer seeking payment of a personal debt;

c) the collection letter was not returned by the postal service as undelivered;

d) the Plaintiff alleges and avers that the letter's validation notice is rendered as ineffective in violation of Section 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### VII.    Violations of the Fair Debt Collection Practices Act

111.   The Defendants' actions as set forth above in the within complaint violates the FDCPA.

112.   Because the Defendants violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

113.   As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.    Jury Demand

114.   Plaintiff demands a trial by jury.

### IX.    Prayer for Relief

115.   Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendants for:

1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2)  Attorney fees, litigation expenses and costs of suit;

3)  An order enjoining and directing Defendants to comply with the FDCPA in their debt collection activities; and

4)  Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
September 17, 2018

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

CD01-W3



35 ARROS LANE
BOERNE, TX 78006-8202

MERCANTILE
*Innovative Solutions, Uncommon Results*

| | |
|---|---|
| Current Creditor: | MAIN STREET ACQUISITION C |
| Original Creditor: | HSBC BANK NEVADA NA |
| Account Number: | ************8525 |
| Reference Number: | Redacted INV |
| Current Balance: | $8,111.33 |
| Amount Enclosed: $ | |

Date: 09/15/2017

**Office Hours (Eastern Time):**
Monday-Thursday    8:00 am - 9:00 pm
Friday    8:00 am - 5:00 pm

1 AB    *A-02-EPK-AM-04794-17

|ıılıllıllıılıılıllıllılılıllıllıılıılıllılllıılıllıllıllı|

COHEN, SIMCHA Y

**Redacted**

**Please send payment or correspondence to:**
Mercantile Adjustment Bureau, LLC
PO Box 9055
Williamsville NY 14231-9055

- - - - - - - - - - - PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT - - - - - - - - - - -

Date: 09/15/2017
Judgment Date: 11-17-11

Simcha Y Cohen,

Mercantile Adjustment Bureau, LLC has received authorization from MAIN STREET ACQUISITION C to initiate collection efforts to recover the current balance due as noted above.

We are available to work with you to help you satisfy the debt in a manner that is fair and equitable to all parties. Our account representatives are ready to assist you.

Sincerely,

Dan Lauer
Phone Number: 1-800-693-3455

The account balance may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor or as otherwise provided by law.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Mercantile Adjustment Bureau, LLC 165 Lawrence Bell Drive, Suite 100 Williamsville, NY 14221-7900 1-800-693-3455

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt and any information obtained will be used for that purpose.  This is a communication from a debt collector.

New York City Department of Consumer Affairs License Number(s) 1310227 & 1310229.